# IN THE COURT OF APPEALS OF IOWA

No. 20-1408
Filed February 16, 2022

**THOMAS G. RUTHERS, JR.,**
    Plaintiff-Appellant,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES, CIVIL COMMITMENT UNIT FOR SEX OFFENDERS,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Cherokee County, Nancy Whittenburg, Judge.

Thomas Ruthers appeals the dismissal of his petition for judicial review of the treatment decision of the Iowa Department of Human Services, Civil Commitment Unit for Sex Offenders.  **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General, for appellee.

Considered by May, P.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

On August 28, 2020, Thomas Ruthers Jr. filed a "Petition for Judicial Review, Iowa Code 17A.19 [(2020)]" in Cherokee County District Court. In his petition, he asserted he is a patient at the Civil Commitment Unit for Sex Offenders (CCUSO) and had been committed since a September 2017 order of the Mahaska County District Court. He further asserted he was progressing through the five treatment phases and the clinical team recently revoked his provisional Phase 4 status. Ruthers sought judicial review of the CCUSO's decision to revoke his provisional Phase 4 status on multiple grounds, including that it violated CCUSO's rules. On the State's motion, the court dismissed his petition, finding Ruthers was not entitled to judicial review because he failed to exhaust all administrative remedies. Ruthers appeals. We review his claim for correction of errors at law applying the provisions of Iowa Code chapter 17A. *See Swanson v. Civ. Commitment Unit for Sex Offenders*, 737 N.W.2d 300, 306 (Iowa 2007).

On appeal, Ruthers completely changes his claim from his pursuit under Iowa Code chapter 17A of an unfavorable treatment decision, to a request for annual judicial review under section 229A.8. This avenue was never raised in any of his filings below, nor was it addressed by the district court. Hence, his new approach fails for lack of error preservation. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 640–42 (Iowa 2013). Moreover, we agree with the analysis and findings of the district court as Ruthers's claim was presented below.

Even if Ruthers had preserved error on his section 229A.8 claim, we would be required to dismiss this appeal. Ruthers is only entitled to seek judicial review of an annual review in the same county where he was committed. *See* Iowa Code § 229A.8(3) ("The annual report shall be provided to the court that committed the person under this chapter."). Had Ruthers framed his petition to seek judicial oversight of an annual review, the district court in Cherokee County would have lacked the authority to hear his case as it could only be filed in Mahaska County where he was committed. *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 312–13 (Iowa 2013).

Ruthers also claims he was denied due process because "no annual review has taken place and there was not even a post-deprivation hearing to determine if the revocation of [Ruthers's] phase 4 status was warranted."[1] Again, Ruthers reframes his argument as if it were judicial review of an annual review, which it is not. Ruthers sought and received review of his Phase 4 revocation through the mechanisms set forth in CCUSO rules and the "Patient Handbook" he was provided. Moreover, when an annual review is held the provisions set forth in Iowa Code section 229A.8 are designed to ensure Ruthers' due process rights are protected. In the record before us and the issues properly presented on appellate review, we find no due process violation.

The district court's decision is affirmed.

**AFFIRMED.**

---

[1] In its brief to us, the State acknowledges Ruthers has yet to receive his annual review, asserting the review was delayed twice due to COVID-19 protocols and once due to Ruthers's own motion.